## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS B. HAMILTON, | ) | |
| | ) | Case No.  2:15-cv-12885 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| CREDIT COLLECTION SERVICES, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now come the Plaintiff, THOMAS B. HAMILTON, by and through his attorneys, and for his Complaint against the Defendant, CREDIT COLLECTION SERVICES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901, *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Farmington, Michigan.

5.      On information and belief, Defendant is a corporation of the State of Michigan, and which has its principal place of business in Lansing, Michigan.

## FACTS COMMON TO ALL COUNTS

6.      On May 2, 2011, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Eastern District of Michigan, Case No. 11-52648-wsd.

7.      On August 9, 2011, an Order of Discharge was entered in Plaintiff's bankruptcy case.

8.      Defendant caused a collection notice, dated June 6, 2011, to be mailed to Plaintiff's home address, in an attempt to collect an alleged debt discharged in Plaintiff's bankruptcy.

9.      Said collection notice indicated a service date of June 6, 2011 for the alleged debt. However, Plaintiff never incurred a debt with the original creditor listed in the notice after filing for bankruptcy.

10.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

11.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 as if reiterated herein.

12.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural persons allegedly obligated to pay a debt.

13.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

14.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

15.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

16.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT II**

17.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 as if reiterated herein.

18.    Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT III**

19.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 as if reiterated herein.

20.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT IV**

21.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 as if reiterated herein.

22.    Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

23.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 as if reiterated herein.

24.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

  b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

  d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

25.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 as if reiterated herein.

26.    Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

27.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 above as if reiterated herein.

28.    Plaintiff is a "consumer" or "debtor" under M.C.L. § 339.901(f), as she is a natural person allegedly obligated to pay a debt.

29.    At all relevant times, Defendant acted as a "collection agency" within the meaning of M.C.L. § 339.901(b), in that it is a person directly or indirectly engaged in collecting or attempting to collect a claim asserted to be owed or due another, or repossessing or attempting to repossess a thing of value asserted to be owed or due another arising out of an expressed or implied agreement.

30.    The aforementioned alleged debt is a "claim" or "debt" within the meaning of M.C.L. § 339.901(a), in that it is an alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

31.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the MOC.

32.     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

WHEREFORE, Plaintiff prays for the following relief:

  a.     Judgment against Defendant for Plaintiff's actual damages, far exceeding $50, suffered as a direct and proximate result of Defendant's violations of the MOC, pursuant to M.C.L. § 339.916(2);

  b.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in this action, pursuant to M.C.L. § 339.916(2); and

  c.     Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT VIII**

33.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 28 through 31 above as if reiterated herein.

34.     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

35.     Defendant's violation of M.C.L. § 339.915(e) was undertaken willfully.

WHEREFORE, Plaintiff prays for the following relief:

  a.     Judgment against Defendant for a civil penalty of not less than three times Plaintiff's actual damages, far exceeding $150, for Defendant's willful violations of the MOC, pursuant to M.C.L. § 339.916(2);

  b.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in this action, pursuant to M.C.L. § 339.916(2); and

      c.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IX

36.      Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 28 through 31 above as if reiterated herein.

37.      Defendant violated M.C.L. § 339.915(f)(i) by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages, far exceeding $50, suffered as a direct and proximate result of Defendant's violations of the MOC, pursuant to M.C.L. § 339.916(2);

      b.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in this action, pursuant to M.C.L. § 339.916(2); and

      c.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT X

38.      Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 28 through 31 above as if reiterated herein.

39.      Defendant violated M.C.L. § 339.915(f)(i) by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor.

40.      Defendant's violation of M.C.L. § 339.915(f)(i) was undertaken willfully.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for a civil penalty of not less than three times Plaintiff's actual damages, far exceeding $150, for Defendant's willful violations of the MOC, pursuant to M.C.L. § 339.916(2);

    b.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in this action, pursuant to M.C.L. § 339.916(2); and

    c.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT XI

44.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 28 through 31 above as if reiterated herein.

45.    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages, far exceeding $50, suffered as a direct and proximate result of Defendant's violations of the MOC, pursuant to M.C.L. § 339.916(2);

    b.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in this action, pursuant to M.C.L. § 339.916(2); and

    c.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT XII

46.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 28 through 31 above as if reiterated herein.

47.    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

48.    Defendant's violation of M.C.L. § 339.915(q) was undertaken willfully.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for a civil penalty of not less than three times Plaintiff's actual damages, far exceeding $150, for Defendant's willful violations of the MOC, pursuant to M.C.L. § 339.916(2);

b.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and court costs incurred in this action, pursuant to M.C.L. § 339.916(2); and

c.      Any other legal and/or equitable relief as the Court deems appropriate.


## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.


RESPECTFULLY SUBMITTED,

THOMAS B. HAMILTON

By:      /s/ Morris B. Lefkowitz
         Attorney for Plaintiff

Morris B. Lefkowitz
Michigan Attorney No. P31335
Allen Chern Law, PLLC
24100 Southfield Road
Suite 203
Southfield, MI 48075
Phone: (248) 569-0180
Fax: (248) 559-0175
morrie@lefkowitzlawgroup.com